Filed 5/14/21  Fishback v. FCA US CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LADY BESS FISHBACK,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>FCA US, LLC,<br><br>      Defendant and Respondent. | B298677<br><br>(Los Angeles County<br>Super. Ct. No. BC690464) |

APPEAL from an order of the Superior Court of Los Angeles County, Randolph M. Hammock, Judge.  Affirmed.

Anderson Law Firm, Martin W. Anderson; Goldsmith West and David A. Goldsmith for Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, John A. Taylor, Jr., Steven S. Fleischman; Gates, Gonter, Guy, Proudfoot & Muench and Matthew M. Proudfoot for Defendant and Respondent.

In this "lemon law" action brought pursuant to the Magnuson-Moss Warranty Act (MMWA) (15 U.S.C. § 2301 et seq.), plaintiff and appellant Lady Bess Fishback (Fishback) moved for attorney fees and costs in the total amount of $52,834.38, and was awarded the lesser sum of $20,000 in attorney fees and $2,692.19 for costs and expenses.[1]

Fishback contends the $20,000 attorney fee award is inadequate, and that the trial court erred in its application of the law and abused its discretion in ruling on the matter. As discussed below, we conclude Fishback's arguments lack merit and thus affirm the order in its entirety.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Pleadings.*

On January 17, 2018, Fishback filed this action in the Los Angeles Superior Court against defendant and respondent FCA US, LLC (FCA). The complaint pled causes of action under the MMWA for breach of express and implied warranty in connection with Fishback's purchase of a new 2013 Jeep Grand Cherokee in Wisconsin for consideration totaling $41,352.

FCA answered the complaint with a general denial and asserted various affirmative defenses.

2. *Litigation activity by Fishback's counsel.*

The parties went to mediation and settled the case eight months after it was filed for the sum of $12,962.50, with Fishback declared to be the prevailing party. Before the case settled,

---

[1] The MMWA, which is the federal lemon law (*Dagher v. Ford Motor Co.* (2015) 238 Cal.App.4th 905, 911), creates a federal cause of action for state law warranty claims, and the substantive elements under the MMWA are the same as under state warranty law. (*Allen v. Hyland's Inc.* (C.D.Cal. 2014) 300 F.R.D. 643, 670.)

Fishback's counsel responded to FCA's discovery requests, propounded written discovery of his own, defended Fishback's deposition and attended the vehicle inspection—both of which occurred on the same day. However, Fishback's counsel did not take any depositions himself, and there was no law and motion activity in the case.

3. *Fishback's motion for attorney fees and costs in the total sum of $52,834.38.*

After the case settled, Fishback filed a motion as the prevailing party in the MMWA action to recover $52,834.38 consisting of: $40,113.75 in attorney fees; a 25 percent fee enhancement, in the amount of $10,028.44; and $2,692.19 in costs and expenses.

The motion was supported by billing records as well as counsel's declaration, which showed that he had spent about 84.5 hours on the matter at an hourly rate of $475.00.

4. *FCA's opposition.*

In opposition, FCA argued that plaintiff's counsel's hourly rates are excessive, in that its counsel charges $175 to $200 per hour to defend such litigation. Further, nearly all the documents prepared by plaintiff in this matter, from the complaint to the motion for attorney fees, were "form documents used in hundreds of prior cases," making the lengthy time entries for basic legal tasks unreasonable. Additionally, no fee enhancement was warranted because Fishback's claim was not novel and her counsel was not precluded from simultaneously handling numerous other such cases.

5. *Tentative ruling.*

Prior to the hearing, the trial court issued a three-page tentative ruling awarding $20,000 in attorney fees under a lodestar analysis, as well as the $2,692.19 in costs and expenses that Fishback had requested.

In determining the lodestar, the court found that counsel's $475 hourly rate for an experienced lemon law attorney was reasonable, "with the accompanying observation that attorneys who bill at [that] hourly rate should not need to research routine issue[s] of law and should resort to boilerplate when it will serve the client's purposes." The court also noted "there were only two causes of action asserted in the Complaint, which were of a routine nature in this type of action, and there was no law and motion heard. Indeed, the case settled about 6 months after this case was filed." The court found "the total amount of reasonable attorney's fees . . . incurred in this litigation, including the reply and appearance in connection with the instant motion, is $20,000." The court "decline[d] to award any lodestar multiplier to these attorney's fees, based upon the relative non-complexity of this rather routine lemon law case."

6. *The hearing on the motion and the court's final ruling.*

At the hearing on the matter, the trial court explained: "I use[d] my 37 years of experience being a trial attorney, trying almost 150 jury trials and litigating thousands of cases to figure out what is a reasonable attorney fee for this particular case." The court reiterated that it had "used a lodestar method" to calculate the fee award, and emphasized that the amount of Fishback's recovery was not a factor in the lodestar analysis, stating: "I don't care if you recovered $2,000. You have a right to your reasonable attorney's fees."

4

The court reiterated that Fishback's counsel's hourly rate was reasonable, and it credited counsel's assertion with respect to the time he spent on the matter. However, the court found that the number of hours billed was unreasonable and therefore based the award on "the amount of reasonable hours [it] thought a reasonable attorney would take to litigate this case." The court noted, inter alia, that the case quickly settled, Fishback's counsel did not take any depositions, "'there was not one law and motion matter," "[counsel] probably imposed the same discovery that you impose on every case—cut and paste," and ultimately "there was nothing remarkable about this case."

On April 29, 2019, after taking the matter under submission, the trial court adopted its tentative ruling as the order of the court, and awarded Fishback $20,000 in attorney fees and $2,692.19 for costs and expenses.

Following dismissal of the action, Fishback filed a notice of appeal to obtain review of the underlying order that partially denied her motion for attorney fees.

## CONTENTIONS

Fishback contends the trial court erred and abused its discretion by: (1) failing to use or by misapplying the lodestar method; (2) failing to give an explanation of its ruling that was sufficient to allow for meaningful appellate review; and (3) making findings that are not supported by the record.

5

## DISCUSSION

1. *Governing principles and standard of appellate review*.

The MMWA authorizes an award of attorney fees to a prevailing consumer, stating as follows: "If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (15 U.S.C. § 2310(d)(2).)

The determination of what constitutes a reasonable fee generally "begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. [Citation.] The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)

6

In the instant case, the discrete issue presented is whether the trial court properly determined that the actual time expended by counsel was unreasonable. "Under the lodestar adjustment methodology, the trial court must initially determine the actual time expended *and then 'ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable.'* [Citation.] Factors to be considered include, but are not limited to, the complexity of the case and procedural demands, the attorney skill exhibited and the results achieved. [Citation.] The prevailing party and fee applicant bears 'the burden of showing that the fees incurred were . . . "reasonably necessary to the conduct of the litigation," and were "reasonable in amount." ' [Citations.] *It follows that if the prevailing party fails to meet this burden, and the court finds the time expended or amount charged is not reasonable under the circumstances, 'then the court must take this into account and award attorney fees in a lesser amount.'* [Citation.]" (*Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 247, italics added (*Mikhaeilpoor*).)[2]

Our review of the trial court's attorney fee order is " 'highly deferential.' " (*Mikhaeilpoor, supra*, 48 Cal.App.5th at p. 246.) It is settled " 'that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.] The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert

---

[2]     We note that at the trial court level, *Mikhaeilpoor* and the instant action were handled by the same judge.

testimony.' " (*PLCM Group v. Drexler*, *supra*, 22 Cal.4th at p. 1096; accord, *Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1132 [the " ' "experienced trial judge is the best judge of the value of professional services rendered in his court, and . . . his judgment . . . will not be disturbed unless the appellate court is convinced that it is clearly wrong" ' "].)

Similarly, the United States Supreme Court has stated that "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of 'the district court's superior understanding of the litigation.' [Citations.] We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it." (*Fox v. Vice* (2011) 563 U.S. 826, 838 [180 L.Ed.2d 45].)

2. *The trial court properly exercised its discretion in determining the amount of time that was reasonably spent on the litigation.*

a. *The trial court properly found that the number of hours billed was excessive.*

As set forth above, the trial court found that Fishback's counsel's hourly rate of $475 was reasonable and that the hours that he billed were actually worked. However, the trial court cut the amount of attorney fees in half, from $40,113.75 to $20,000, based on its determination that the total number of hours spent on the case was unreasonable.

8

As the reviewing court, we presume that the trial court's award is correct and "infer[] that a request for fees is inflated when the trial court substantially reduces the requested amount. (*Etcheson v. FCA US LLC* (2018) 30 Cal.App.5th 831, 840.) These rules apply because the experienced trial judge is best positioned to evaluate the professional services rendered in his or her courtroom. [Citations.]" (*Mikhaeilpoor*, *supra*, 48 Cal.App.5th at p. 246.)

Here, the trial court expressly explained that the claimed fees were unreasonable due to a number of factors, including the case's lack of complexity [stating "this was like shooting fish in a barrel"], the cookie-cutter nature of the litigation ["you probably imposed the same discovery that you impose on every case"],[3] the absence of any law and motion proceedings (other than the motion for attorney fees), the limited discovery that was conducted, and the short duration of the case before it settled.

Despite these findings by the trial court, the thrust of Fishback's argument is twofold: she contends the trial court indiscriminately reduced the fees by over 50 percent, to $20,000, "[i]nstead of carefully reviewing [her] counsel's time records," and she also seizes on certain remarks by the trial court at the hearing, taken out of context, to argue that the trial court either misunderstood or misapplied the lodestar method. But the full record belies such an interpretation. The trial court stated: "I . .

---

[3] The declaration of Attorney Matthew M. Proudfoot in support of the opposition papers attached, as Exhibit A, a request for production of documents that plaintiff's counsel served in the instant case on May 17, 2018 and, as Exhibit B, a virtually identical request for production of documents that he served on the same day in a different lawsuit against the same defendant, *Carin Bell v. FCA US, LLC* (L.A. Super. Ct. No. BC696143).

. used a lodestar method where I felt – at [$]475 [per hour] – you can do the math – divided into [$20,000] – that's what the amount of reasonable hours I thought a reasonable attorney would take to litigate this case the way it was.  That's really what it was."  After reviewing the entire transcript of the hearing, it is clear the court based its conclusion on the fact that this was "a very straightforward lemon law case" and the recognition that Fishback's counsel "deserve[d] a reasonable fee," but the case had been "overly litigated."

The trial court reiterated this point by adding the following handwritten clarification to its tentative ruling:  "Once again, the Court does not intend to 'cut' or 'discount' any time/fees claimed by [Fishback's] attorney[].  This ruling only suggests that the time expended was not 'reasonable,' given the simplistic nature of this case."  This dispels any suggestion that the trial court misunderstood or misapplied the lodestar method.  The trial court unequivocally found that the hours expended were not reasonable, and therefore awarded fees at the requested hourly rate for the number of hours that it deemed to be reasonable.

Additionally, this court has reviewed the billing records which were attached to the moving papers, which further support the implied finding that the request for fees was inflated.  Among other things, counsel billed for his time spent on the following tasks:  preparing the summons, civil case cover sheet and addendum; reviewing the superior court imaged documents to find that defendant had answered the complaint; faxing copies of emails; and emailing copies of documents to the client.  Such tasks could have been handled by support staff, rather than being billed by a seasoned attorney at the rate of $475 per hour.

10

The billing records also show that counsel billed for 16.1 hours (at 50 percent of his hourly rate) to travel by car from Rancho Palos Verdes to Burlingame and back, to defend his client's deposition and to attend the vehicle inspection. We take judicial notice of the fact that Burlingame is immediately adjacent to San Francisco International Airport (SFO) and that the flight from LAX to SFO takes approximately one hour. (Evid. Code, § 451, subd. (f).) Accordingly, counsel's billing for 16.1 hours of automobile travel, even at one-half of his hourly rate, was excessive.

In sum, on this record, the trial court properly found that the number of hours billed was unreasonable. Further, bearing in mind that an experienced trial judge is the best judge of the value of professional services rendered in his or her court (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1132), we conclude the trial court acted within the bounds of reason in determining that $20,000.00, rather than $40,113.75, was an appropriate fee award. There was neither legal error nor an abuse of discretion.

b. *Trial court properly denied a fee enhancement*.

There is also no merit to Fishback's related argument that the trial court erred in denying the request for a 25 percent fee enhancement, which would have amounted to an additional $10,028.44 over and above the requested lodestar amount of $40,113.75.

The lodestar "may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." (*Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1132.)

11

As the trial court found, this was a garden-variety lemon law case that required a minimal consumption of time, and thus did not preclude counsel from simultaneously representing other litigants. The trial court therefore acted within its discretion in rejecting the request for a 25 percent fee enhancement.

3. *No merit to Fishback's contention the trial court erred in failing to give an explanation of its ruling that was sufficient to allow for meaningful appellate review.*

Fishback contends the trial court erred in failing to give an adequate explanation for its ruling, but also asserts there is "no clear rule" on how specific the trial court's ruling must be when it partially denies an attorney fee motion, and then urges that a "show your work approach" is the proper rule and should be adopted here. The contention is unavailing.

The trial court was not required to issue a statement of decision with regard to the fee award. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1294; *Ketchum v. Moses*, *supra*, 24 Cal.4th at p. 1140.) As stated in *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44 (*Gorman*): "We find no California case law analogue to [Code of Civil Procedure] section 632 requiring trial courts to explain their decisions on all motions for attorney fees and costs, or even requiring an express acknowledgment of the lodestar amount. The absence of an explanation of a ruling may make it more difficult for an appellate court to uphold it as reasonable, but we will not presume error based on such an omission. As reiterated in *Ketchum*, *supra*, 24 Cal.4th 1122 at page 1140: ' "All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)' In the absence of

12

evidence to the contrary, we presume that the trial court considered the relevant factors.  (Cf. *Downey Cares v. Downey Community Dev. Corp*. (1987) 196 Cal.App.3d 983, 998 ['We are entitled to presume the trial court considered all the appropriate factors in choosing the multiplier and applying it to the whole lodestar.'].)  In awarding attorney fees in a lesser amount than requested, trial courts are not required to specify each and every claimed item found to be unsupported or unreasonable." (*Gorman*, *supra*, 178 Cal.App.4th at p. 67; accord, *Mikhaeilpoor*, *supra*, 48 Cal.App.5th at pp. 250-251.)[4]

Therefore, we reject Fishback's challenge to the adequacy of the trial court's ruling.

---

[4]     We observe that the appellant in *Mikhaeilpoor* unsuccessfully made the same arguments concerning the same trial judge as Fishback does here.  "Mikhaeilpoor questions how the trial court decided on the billing entries subject to reduction. Plaintiff would impose on the trial court the requirement of detailed explanatory orders." (*Mikhaeilpoor, supra,* 48 Cal.App.5th at p. 250.)

4. *No merit to Fishback's contention that the trial court's findings are unsupported by the record.*

Finally, Fishback argues that the trial court's fee award of $20,000 rather than the requested amount of $40,113.75 is unsupported by the record. This contention is essentially a reiteration of Fishback's earlier argument that the trial court abused its discretion by reducing the fee award to $20,000. As explained above, the trial court properly determined that the claimed amount of $40,113.75 was unreasonable, and that a fee award of $20,000 was appropriate. There was no error.

## DISPOSITION

The April 29, 2019 order that awarded Fishback $20,000 in attorney fees and $2,692.19 in costs and expenses is affirmed. FCA shall recover its costs on appeal.

**NOT TO BE PUBLISHED**

KALRA, J.*

We concur:

EDMON, P.J                    EGERTON, J.

_____

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14